UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Benson Baillard

v.

Civil No. 26-cv-911-LM-TSM
Opinion No. 2026 DNH 157 P

US Immigration and Customs Enforcement Field Office et al

**O R D E R**

Pro se petitioner Benson Baillard petitions for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights are being violated by his present immigration detention in the absence of a bond hearing. Respondents object. Doc. nos. 5 & 6. For the following reasons, Baillard's petition (doc. no. 1) is granted.

**BACKGROUND**

The following facts are not in dispute. Baillard, a Haitian citizen, entered the United States on or about April 5, 2024. He was paroled into the United States and placed in standard removal proceedings pursuant to 8 U.S.C. § 1229a. His Notice to Appear (NTA) alleges that he is removable under 8 U.S.C. § 1182(a)(7)(A)(i) because he lacked proper documentation at the time of entry. At some point thereafter, Baillard began living in Massachusetts and applied for asylum.

In January 2026, Baillard was indicted on domestic violence charges in Massachusetts Superior Court. Those charges included strangulation or suffocation in violation of Mass. Gen. Laws Ch. 265, § 15D. He posted bond in March 2026 and

was released. However, Immigrations and Customs Enforcement (ICE) took Baillard into custody on April 2, 2026. He has remained in immigration detention since that time.

On July 23, 2026, an IJ denied Baillard's asylum application and ordered him removed. Baillard's appeal of the IJ's order remains pending.

Baillard's criminal charges were nol prossed on October 13, 2026, because the alleged victim (a necessary witness) did not wish to testify and the prosecutor chose not to compel her testimony. Baillard filed the instant habeas petition three days later.

In her order directing service of the petition, the Magistrate Judge construed Baillard's petition as asserting that his detention without a bond hearing violates his due process rights for the reasons stated in Destino v. FCI Berlin, Warden, Civ. No. 25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025). So construed, the Magistrate found that petitioner's allegations warranted expedited action and directed respondents to submit a responsive pleading within seventy-two hours of the service order's issuance.

In their response, respondents asserted that Baillard is not entitled to due-process relief under Destino's reasoning because Baillard is detained pursuant to the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E). Doc. no. 5. The court directed respondents to submit supplemental briefing regarding the extent to which the Laken Riley Act's mandatory detention regime applies to dismissed charges. That supplemental pleading is now before the court. Doc. no. 6.

## DISCUSSION

Respondents contend that Baillard is not entitled to a bond hearing before an IJ as a matter of due process because his detention is mandatory under § 1226(c)(1)(E). They assert that Baillard's prior arrest for strangulation (a charge which has since been dismissed) brings him within the ambit of the statute. According to respondents, a noncitizen is subject to § 1226(c)(1)(E) if they have ever been arrested for a qualifying offense, regardless of whether the arrest resulted in criminal charges or if the charges are dismissed at some point after the arrest. The court disagrees that Baillard is subject to § 1226(c)(1)(E).[1]

Section 1226(c)(1)(E) provides that "[t]he Attorney General shall take into custody" a noncitizen who satisfies two criteria. 8 U.S.C. § 1226(c)(1)(E). First, the noncitizen must be inadmissible under § 1182(a)(6)(A), (6)(C), or (7). Id. § 1226(c)(1)(E)(i). Second, if the noncitizen is inadmissible on one of these bases, detention is mandatory if the noncitizen "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any . . . crime that results in death or serious bodily injury to another person." Id. § 1226(c)(1)(E)(ii).

---

[1] As an initial matter, the undersigned has previously applied Destino to order bond hearings for certain individuals who indisputably were subject to § 1226(c)(1)(E). See Timbigamba v. FCI Berlin, Warden, 836 F. Supp. 3d 430, 441 & n.6 (D.N.H. 2026) (explaining that Demore v. Kim, 538 U.S. 510 (2003) concerned the constitutionality of mandatory detention for noncitizens convicted of serious crimes and that the Supreme Court has not yet addressed the constitutionality of the Laken Riley Act). Regardless, the court concludes that Baillard is no longer subject to § 1226(c)(1)(E).

As this court recognized in its order for supplemental briefing, "[c]ourts construing § 1226(c)(1)(E) have concluded that its mandatory detention provision applies only while the noncitizen is presently charged with, arrested for, or convicted of a qualifying offense." Endorsed Order of Oct. 23, 2026 (quoting Galvan v. Warden, Mesa Verde Det. Ctr., No. 1:26-cv-02174-JLT-HBK (HC), 2026 WL 2568725, at *4 (E.D. Cal. Aug. 31, 2026)). Courts reach this conclusion because, "by using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute." Hairo v. Crawford, Civ. No. 2:25cv704, 2026 WL 286176, at *2 (E.D. Va. Feb. 3, 2026) (quotation omitted). Thus, "the statutory phrases 'is charged with' and 'is arrested for' impose a present-tense requirement, and therefore do not apply to a noncitizen who was previously charged with or arrested for a covered offense but whose charges have since been dismissed." Oldacre v. Alerta, No. 26-cv-2672 (JGK), 2026 WL 1718184, at *2 (S.D.N.Y. June 11, 2026).

In addition to finding support in § 1226(c)(1)(E)'s plain language, this construction is consistent with the statutory scheme as a whole. The statutory language requires detention when the noncitizen is first arrested for, then charged with, and ultimately convicted of a qualifying offense. The scheme therefore contemplates mandatory detention during the sequential progression of an underlying criminal case. See Helbrum v. Williams, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025) (observing that § 1226(c)(1)(E)'s

"recurring use of the present tense for each stage of the criminal process" "track[s] the progression of a criminal case"). In that way, the Laken Riley Act "serves to supersede the release policies of the prosecuting authority," but where the underlying proceedings are dismissed, "mandating detention does not serve that purpose." Ome Osorio v. Albarran, No. 26-cv-08783, 2026 WL 2741855, at *3 (N.D. Cal. Sept. 16, 2026).

Respondents' construction also runs afoul of the canon against surplusage. In addition to pending arrests and charges, § 1226(c)(1)(E)(ii) mandates detention for noncitizens who have been convicted of a qualifying offense. But in order to be convicted of a qualifying offense, one must first have been charged with it. Respondents' interpretation—that a noncitizen is subject to mandatory detention if they have ever been arrested for or charged with a qualifying offense—"make[s] the words 'is convicted of' superfluous, as no Defendant could possibly proceed to a conviction without first being charged." Rueda Torres v. Francis, 25 Civ. 8408 (DEH), 2025 WL 3168759, at *5 (S.D.N.Y. Nov. 13, 2025) (quotation omitted); see also Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz, 601 U.S. 42, 53 (2024) ("Proper respect for Congress cautions courts against lightly assuming that any of the statutory terms it has chosen to employ are 'superfluous' or 'void' of significance.").

After receiving respondents' response to the Magistrate Judge's service order, the court gave respondents an additional opportunity to identify authority supporting the assertion that § 1226(c)(1)(E) applies to dismissed charges. Endorsed

Order of Oct. 23, 2026. Respondents' supplemental memorandum did not identify any case that has so held. As respondents advance no persuasive reason for this court to depart from the apparent consensus, the court concludes that Baillard's previous arrest and dismissed charges provide no basis to conclude that he is presently subject to § 1226(c)(1)(E).

In a last-ditch effort, respondents contend that Baillard failed to exhaust his administrative remedies. They assert they "are unaware of any case" in which a district court, as opposed to an IJ or the BIA, determined whether § 1226(c)(1)(E) applied to a noncitizen detainee. Doc. no. 6 at 9. This assertion is despite respondents' citation to no less than eight cases in their supplemental memorandum in which a district court did exactly that. Id. at 5. Regardless, Baillard's petition asserts not that his detention is governed by the discretionary detention regime of § 1226(a) as opposed to § 1226(c), but rather that respondents are presently violating his due process rights by detaining him in the absence of a bond hearing. It is respondents who opposed Baillard's constitutional claim by raising the applicability of § 1226(c)(1)(E), and the BIA lacks jurisdiction to consider Baillard's constitutional claim. Delmyr v. Moniz, Civ. No. 1:26-cv-13833-AK, 2026 WL 3025905, at *2 (D. Mass. Oct. 8, 2026). Baillard can hardly be faulted for failing to exhaust his claim, which the BIA has no authority to adjudicate, or a claim that he chose not to raise.

Because § 1226(c)(1)(E)'s purported applicability to Baillard is respondents' only ground for declining to provide Baillard a due-process bond hearing under Destino, the court finds that Baillard is entitled to such a hearing.

## CONCLUSION

The petition (doc. no. 1) is granted to the extent that the court (1) DECLARES that petitioner's continued detention in the absence of a bond hearing before an IJ violates his due process rights for the reasons stated in Destino, 2025 WL 4010424, and (2) ORDERS that respondents must provide petitioner with a constitutionally adequate bond hearing before an IJ within seven (7) days, unless petitioner requests a continuance, in which case the bond hearing shall be held as soon as practicable. Because petitioner is entitled to a bond hearing as a matter of due process, the IJ shall have authority to consider the petitioner's release regardless of whether he is subject to mandatory detention as a statutory matter. The government shall file a status report within 24 hours of the IJ's bond decision.

SO ORDERED.

______________________________
Landya McCafferty
United States District Judge

November 4, 2026

cc: Benson Baillard, pro se
Counsel of Record